*Richard Warren, receiver, &c.* v. *Edgar Sprague.* J. M. MARTIN, for appellant; F. H. RODMAN, for respondent.— This was an appeal from the decision of the vice chancellor of the first circuit denying the defendant's application to take the complainant's bill off the files of the court, and allowing the complainant to substitute a new solicitor to prosecute this suit. The bill was filed by the receiver who had been appointed in a creditor's suit between O. Ames as complainant and G Witherel and H. St. John as defendants: and the only ground of objection to the bill in the present suit was that it was prosecuted by the same solicitor who appeared for the complainant in the original suit in which the receiver was appointed.

When receiver may employ solicitor of either of the parties.

THE CHANCELLOR. The only error in the order appealed from is that the application to take the bills off the files was not denied with costs, instead of requiring the complainant to appear by a new solicitor and to pay the costs of the defendant upon the motion. But that was an error in favor of the appellant, and of which he has of course no right to complain by appeal. The rule which prohibits a receiver from employing the solicitor for either of the parties to the suit in which he is appointed receiver is intended to protect the rights of those parties. And if they have no objection, the receiver may employ the solicitor of either to aid him in the discharge of his trust. A mere stranger to that suit, therefore, has no right to

object that the receiver has employed the solicitor of one of the parties in the original suit to institute a new suit against such stranger. The proceedings of the complainant in filing this bill were therefore strictly regular, so far as regards the defendant therein ; and he had no right to raise the objection that the solicitor employed by the receiver to file the bill against him was solicitor for the complainant in the suit in which the receiver was appointed.

The order appealed from not being erroneous as to the appellant must be affirmed with costs.